IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER BRASKAVSKIY, | ) | |
| Plaintiff, | ) | Case No. 07 C 7276 |
| vs. | ) | |
| | ) | Judge Kendall |
| ELMHURST LINCOLN MERCURY, INC., | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

## ANSWER

NOW COMES the Defendant, ELMHURST LINCOLN MERCURY, INC., by and through its attorney, Stephen C. Debboli of the firm of SERPICO, PETROSINO & DI PIERO, LTD., and in Answer to the Plaintiff's Complaint responds as follows:

### *Parties*

1.     The Plaintiff, PETER BRASLAVSKIY, ("Plaintiff") was at all times relevant hereto residing in the State of Illinois.

    RESPONSE:    The Defendant admits the allegations of paragraph one.

2.     The Defendant, ELMHURST LINCOLN MERCURY, INC. ("Seller") is a business corporation engaged in the sale of motor vehicles and related services and accessories. Seller is authorized to and conducts business in the State of Illinois

    RESPONSE:    The Defendant admits the allegations of paragraph two.

### *Jurisdiction and Venue*

3.     Jurisdiction arises under the Odometer Requirement Act, <u>15 U.S.C. §1989 (b)</u> which gives this court subject matter jurisdiction.

    RESPONSE:  The Defendant admits the allegations of paragraph three.

4.     Venue is proper in this district because the act and transactions that give rise to this claim occurred in this district.

    RESPONSE:    The Defendant admits the allegations of paragraph four.

1

*Facts*

5. On or about September 14, 2007, Plaintiff purchased from Seller a 2001 Mercedes Benz S 430 ("Mercedes") for valuable consideration (See copy of purchase documents, attached hereto as Exhibit "A").

    RESPONSE: The Defendant admits the allegations of paragraph five.

6. Prior to and at the time of Plaintiff's purchase, Seller, through its duly authorized agents and salespersons, made numerous representations to Plaintiff regarding the Mercedes, including that the Mercedes had been driven eighty four thousand eight hundred and six (84,806) miles (See Odometer Disclosure Statement, attached hereto as Exhibit "B").

    RESPONSE: The Defendant admits the allegations of paragraph six.

7. In making the aforementioned representation, Seller misrepresented, suppressed, omitted and/or concealed the following material facts from Plaintiff, with the intent Plaintiff rely on said misrepresentations, suppressions, omission and/or concealments that the Mercedes had not been driven eighty four thousand eight hundred and six (84,806) miles (See a copy of the Autocheck vehicle history report evidencing mileage discrepancy, attached hereto as Exhibit "C"; See copy of the Inspection Appraisal report evidencing that the vehicle was driven in excess of one hundred thousand (100,000) miles. See Certificate of Title of a Vehicle evidencing actual mileage to be one hundred twenty six thousand two hundred and sixty (126,260) miles on May 13, 2005 attached hereto as Exhibit "E")

    RESPONSE: The Defendant denies the allegations of paragraph seven other than to assert the attached document speaks for itself as to what is contained therein.

8. Seller failed to inform Plaintiff that the eighty four thousand eight

hundred and six (84,806) miles as represented by Defendant was not the actual mileage as required on the Odometer Disclosure Statement (See Exhibit "B").

      RESPONSE:    The Defendant denies the allegations of paragraph eight in that the Defendant asserts and believes that the actual mileage was represented.

    9.    Had Plaintiff known Seller's misrepresentations as state above were untrue, or had Plaintiff known the true condition of the Mercedes, Plaintiff would not have purchased the Mercedes.

      RESPONSE:  The Defendant neither admits nor denies the allegations of paragraph nine in that the Defendant lacks sufficient knowledge upon which to form a belief as to the truth or veracity thereof; and as such demands strict proof thereof.

    10.    Plaintiff exercised all due diligence and reasonably relied on Seller's representations.

      RESPONSE:  The Defendant neither admits nor denies the allegations of paragraph ten in that the Defendant lacks sufficient knowledge upon which to form a belief as to the truth or veracity thereof; and as such demands strict proof thereof.

    11.    Seller had either actual knowledge or reasonably should have known the falsity of its representations, or acted in reckless disregard for the truth or falsity of its representations.

      RESPONSE:  The Defendant denies the allegations of paragraph eleven.

    12.    Seller intended to induce Plaintiff's reliance on Seller's pre-sale representations.

      RESPONSE:  In response to the allegations of paragraph twelve, the Defendant asserts that it provided the Plaintiff with information that it believes was and is accurate.

    13.    Plaintiff suffered actual damages in reliance on Seller's misrepresentations, including:

    a. purchase of an automobile which failed to conform to the basis of the bargain as the vehicle was worth less than as represented due to the misrepresentation of the vehicle's actual mileage;

    b. loss of all monies expended towards the purchase of the Mercedes; and

    c. severe aggravation and inconvenience.

RESPONSE: The Defendant denies the allegations of paragraph thirteen.

14. Plaintiff's actions of purchasing an automobile from Seller are akin to all consumers' actions and thus concern all consumers.

RESPONSE: The Defendant denies the allegations of paragraph fourteen.

15. Seller's misrepresentations of and/or failure to disclose the true condition of the Mercedes involve consumer protection concerns, as Seller holds itself out to be a place of business where consumers can come to purchase automobiles and related services.

RESPONSE: The Defendant admits that it holds itself out to be a place of business where consumers can come to purchase automobiles, related services and materials; and denies the remaining allegations of paragraph fifteen.

16. The requested relief is in the best interest of all consumers, and if the requested relief is granted, Seller will be discouraged from engaging in conduct similar to that alleged fraudulent in this Complaint.

RESPONSE: The Defendant denies the allegations of paragraph sixteen.

17. Seller's actions were done maliciously and in willful, wanton and reckless disregard for the rights of Plaintiff, thereby warranting substantial punitive damages.

RESPONSE: The Defendant denies the allegations of paragraph seventeen.

## COUNT I
## VIOLATION OF FEDERAL ODOMETER
## REQUIREMENTS ACT AGAINST SELLER

18. Plaintiff re-alleges paragraphs 1-17 of this Complaint.

RESPONSE: The Defendant repeats, reasserts and realleges his responses to paragraph one through seventeen of the Complaint as though fully setforth herein.

19. Seller's actions, as stated above, constitute a violation of the Federal Odometer Requirements Act, 49 U.S.C. 32701 *et. seq.*,

RESPONSE: The Defendant denies the allegations of paragraph nineteen.

WHEREFORE, the Defendant requests this Court enter judgment in its favor and against the Plaintiff and for costs of this suit.

## COUNT II
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

20. Plaintiff re-alleges paragraphs 1-17 of this Complaint.

RESPONSE: The Defendant repeats, reasserts and realleges his responses to paragraph one through seventeen of the Complaint as though fully setforth herein.

21. Plaintiff's actions of purchasing an automobile from Defendant are akin to all consumers' actions and thus concern all consumers.

RESPONSE: The Defendant denies the allegations of paragraph twenty one.

22.	Defendant's misrepresentation of and/or failure to disclose the true mileage of the Plaintiff's Mercedes, involve consumer protection concerns, as Defendant holds itself out to be a place of business where consumers can come to purchase automobiles.

RESPONSE:  The Defendant admits that it holds itself out to be a place of business where consumers can come to purchase automobiles, related services and materials; and denies the remaining allegations of paragraph twenty two.

22. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged fraudulent in this Complaint.

RESPONSE:  The Defendant denies the allegations of paragraph twenty three.

24.	Defendant's actions as stated above constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

RESPONSE:  The Defendant denies the allegations of paragraph twenty five.

**WHEREFORE,** the Defendant, requests this Court enter judgment in its favor and against the Plaintiff and for costs of this suit.

### COUNT III
### Negligent Misrepresentation (Fraud)

25.	Plaintiff realleges paragraphs 1-17 of this Complaint.

RESPONSE:  The Defendant repeats, reasserts and realleges his responses to paragraph one through seventeen of the Complaint as though fully setforth herein.

26.	Defendant's actions, including misrepresentation, omission and concealment of material fact, surrounding the sale and repair of said house constitute

6

"consumer fraud" within the meaning of Illinois Consumer Fraud and Deceptive Business Practices Act.

    RESPONSE:   The Defendant denies the allegations of paragraph twenty six.

    27.   Defendant is under a duty of care to Plaintiff to whom he made a representation to. Defendant knew that Plaintiff would rely on the misrepresentation. By misrepresenting the mileage of Plaintiff's Mercedes Benz Defendant breached his duty as seen in the above paragraphs.

    RESPONSE:   In response to the allegations of paragraph twenty seven, the Defendant denies any wrong doing and further asserts that the Defendant discharged all duties imposed upon it by operation of law.

    28.   Reliance by Plaintiff on the representations of fact made by Defendant was justifiable.

    RESPONSE:   The Defendant admits the allegations of paragraph twenty eight.

    29.   As a result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages and/or loss proximately caused by the Defendant's conduct.

    RESPONSE:   The Defendant denies the allegations of paragraph twenty nine.

    **WHEREFORE,** the Defendant, requests this Court enter judgment in its favor and against the Plaintiff and for costs of this suit.

## COUNT IV
## COMMON LAW FRAUD (FRAUDULENT INDUCEMENT).

    30.  Plaintiff realleges paragraphs 1-17 of this Complaint.

    RESPONSE:   The Defendant repeats, reasserts and realleges his responses to paragraph one through seventeen of the Complaint as though fully setforth herein.

30. As alleged above Defendant misrepresented the mileage of Plaintiff's Mercedes.

RESPONSE: The Defendant denies the allegations of paragraph thirty one.

32. The Defendant knew, should have known, or could not have reasonably believed that his statements about the mileage of Plaintiff's Mercedes was true.

RESPONSE: The Defendant denies the allegations of paragraph thirty two.

33. Plaintiff was unaware of the true mileage of the Mercedes he purchased and reasonably relied upon Defendant's statements about mileage in entering into the purchase agreement.

RESPONSE: The Defendant denies the allegations of paragraph thirty three.

34. Plaintiff has been damaged by Defendant's misstatements about the mileage of this vehicle.

RESPONSE: The Defendant denies the allegations of paragraph thirty four.

**WHEREFORE,** the Defendant, requests this Court enter judgment in its favor and against the Plaintiff and for costs of this suit.

Respectfully submitted,

Serpico, Petrosino & DiPiero, Ltd.

s/Stephen C. Debboli
Attorney Bar Number: 0598828
Attorney for Plaintiff
Serpico, Petrosino & DiPiero, Ltd.
61 W. Superior Street
Chicago, IL 60610
Telephone: (312)787-1600
Fax: (312)787-9520
E-mail:sdebboli@snnlaw.com